IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GIANNI VERSACE, S.p.A, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 17-cv-07869 |
| ZOU YULAN, et al., | ) Judge Sharon Johnson Coleman |
| Defendants. | ) Magistrate Judge Young B. Kim |

**DEFENDANTS WORTHPRODUCT, EXPRESSINGS, AND DONGGUAN COOLSTYLE JEWELRY CO., LTD.'S OPPOSITION TO THE ENTRY OF A PRELIMINARY INJUNCTION**

**NOW COME** Defendants Worthproduct, Expressings, and Dongguan Coolstyle Jewelry Co., Ltd ("Coolstyle"), by and through their attorneys at AU LLC and in opposition of Plaintiff's Motion for Entry of a Preliminary Injunction ("Motion") states the following:

### I. Procedural Background

On November 1, 2017, Plaintiff Gianni Versace S.p.A. ("Versace") filed its Complaint against individuals and entities which owned and operated domain names and online storefronts which utilized numerous PayPal accounts. See, Schedule A, [Dkt. No. 1-3]. Plaintiffs allege that Worthproduct, Expressings, and Coolstyle committed trademark infringement, counterfeiting, false designation of origin, and violating the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq. On November 1, 2017, Plaintiff filed an ex parte Motion for a Temporary Restraining Order, seeking to enjoin all defendants in the lawsuit from manufacturing, importing, distributing, offering for sale, or selling any counterfeit versions of Plaintiffs' products as well as freezing all of the defendants' PayPal accounts. [Dkt. No. 9]. Additionally, the TRO froze all defendants' PayPal accounts. The Court granted Plaintiff's Motion for TRO on November 7, 2017. [Dkt. No. 27]. On

November 16, 2017, Plaintiff filed its Motion for Entry of a Preliminary Injunction Order. Defendant Worthproduct and Expressings filed an appearance on November 14, 2017, and Defendant Coolstyle filed an appearance on November 16, 2017. [Dkt No., 29, 34].

**II.     Argument**

Plaintiff's Motion reiterates its sweeping assertion that merely because Plaintiff desires up to $2,000,000 from each defendant in statutory remedies, each defendant's PayPal account should be frozen regardless of its characteristics or the extent to which any of its contents is associated with the allegedly infringing activity.  Plaintiff's sole cited support for this, Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc., No. 1:03-cv-04844, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005), involved that Court granting an emergency motion to freeze assets after a thorough review of two defendants' series of misrepresentations, and bears no resemblance to any history Plaintiff has with Defendants Worthproduct, Expressings, and Coolstyle.

The preliminary injunction Plaintiff is seeking should be tailored to the violation. Commodity Fut. Trading Comm. v. Lake Shore Asset Mgmt. Ltd., 496 F.3d 769, 772 (7th Cir. 2007). This Court and numerous other courts have set forth the rule that assets which are not the proceeds or profits of counterfeiting activities may be exempted from an asset freeze.  Monster Energy Co. v. Chen Wensheng et al., 136 F.Supp.3d 897 (N.D. Ill 2015) (declining to modify injunction where defendants had not "submitted any evidence regarding their PayPal account transactions to show that these funds are not the proceeds of counterfeiting activities."); Luxottica USA LLC v. The Partnerships, et al., No. 1:14-cv-09061, 2015 WL 3818622 (N.D. Ill. 2015); *See also*, North Face Apparel Corp. v. TC Fashions, Inc., 2006 WL 838993, at *3 (S.D.N.Y. 2006) ("The Court may exempt any particular assets from the freeze on the ground that they are not linked to the profits of allegedly illegal activity.").  Further, the burden to establish the amount of any continued asset freeze is on Plaintiff; it is not on Defendant Worthproduct, Expressings, and Coolstyle.  Akers v. Akers,

Case No. 5:15-CV-2512 (E.D. Pa. July 31, 2015) at 3, *citing*, <u>P.C. Yonkers v. Celebrations the Party & Seasonal Superstore</u>, 428 F.3d 504, 508 (3rd Cir. 2005) ("The burden lies with the plaintiff to establish every element in its favor, or the grant of a preliminary injunction is inappropriate.").

In the present case, Defendant Worthproduct sold three (3) items of the product at issue (Item # 371646469741) for a total revenue of $25.14, and a profit of $9.30. A true and correct record of sale and Declaration by the Representative of the Defendant is attached hereto as Exhibit A. The product at issue was first listed for sale on June 3, 2016. <u>Id</u>. The amount frozen in Defendant Worthproduct's PayPal account is $9,061. A true and correct record of Defendant WorthProduct's PayPal account, from the listing of the products at issue until the present, is also attached hereto as Exhibit A-1 showing the revenue from the three (3) sales of the product at issue on Pages 14, 28, and 37. <u>Id</u>. Nine-thousand fifty-one dollars and seventy cents ($9,051.70) in Defendant Worthproduct's PayPal account are not the proceeds of any of the alleged infringing activities and thus should not remain frozen.

Defendant Expressings sold two (2) items of the product at issue (Item # 331873439600) for a total revenue of $16.76, and a profit of $6.20. A true and correct record of sale and Declaration by the Representative of the Defendant is attached hereto as Exhibit A. The product at issue was first listed for sale on June 4, 2016. <u>Id</u>. The amount frozen in Defendant Expressings PayPal account is $8,751. A true and correct record of Defendant Expressings' PayPal account, from the listing of the products at issue until the present, is also attached hereto as Exhibit A-2 showing the revenue from the two (2) sales of the product at issue on Pages 12 and 73. <u>Id</u>. Eight thousand seven hundred forty-four dollars and eighty cents ($8,744.80) in Defendant Expressings' PayPal account are not the proceeds of any of the alleged infringing activities and thus should not remain frozen.

Defendant Coolstyle sold one (1) item of the product at issue for a total revenue of $30 (including $25 shipping cost), and a profit of $1.35. A true and correct record of sale and Declaration by the Representative of Defendant Coolstyle is attached hereto as Exhibit B. The product at issue was first listed for sale on August 13, 2017. Id. The amount frozen in Defendant Coolstyle's PayPal account is $82,050.51. A true, correct, and complete record of Defendant Coolstyle's PayPal account, from the list of the product at issue until the present, is also attached hereto within Exhibit B showing the revenue from the one (1) sale of the product at issue. Eighty-two thousand forty-nine dollars and sixteen cents ($82,049.16) in Defendant Coolstyle's PayPal account are not the proceeds of any of the alleged infringing activities and thus should not remain frozen.

### III. Conclusion

For the reasons set forth above, the asset freeze afflicting Defendant Worthproduct's PayPal account should be reduced to $9.30, the asset freeze afflicting Defendant Expressings' PayPal account should be reduced to $6.20, and the asset freeze afflicting Defendant Coolstyle's PayPal account should be reduced to $1.35.

Dated this November 20, 2017.

Respectfully Submitted,

/s/Adam E. Urbanczyk
By: Adam E. Urbanczyk
Au LLC
564 W. Randolph St. 2nd Fl.
Chicago, IL 60661
adamu@au-llc.com
(312) 715-7312
ARDC: No. 6301067