IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GIANNI VERSACE, S.p.A., </br></br> Plaintiff, </br></br> v. </br></br> ZOU YULAN, et al., </br></br> Defendants. | Case No. 17-cv-7869 </br></br> **Judge Sharon Johnson Coleman** </br></br> **Magistrate Judge Young B. Kim** |

## PLAINTIFF'S REPLY IN SUPPORT OF ITS
## MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION

Pursuant to this Court's Order [42], Plaintiff Gianni Versace, S.p.A. ("Versace" or "Plaintiff"), by its counsel, submits the following reply in support of its Motion for Entry of a Preliminary Injunction [31], and in response to the Opposition to the Entry of a Preliminary Injunction filed by Defendants worthproduct, expressings, and Dongguan Coolstyle Jewelry Co., Ltd. [38], and the Opposition to Plaintiff's Motion for Preliminary Injunction filed by Defendants Chuangbang Store, minjifen-0, yitsing, and Uloveido Official Store [40].

### BACKGROUND AND INTRODUCTION

Trademark counterfeiting is a widespread and massive problem for the Versace brand, as well as other famous brands, due to vast numbers of "small time" offshore Internet store operators such as Defendants. They typically operate from China under various aliases, maintain little or no inventory, and strive to keep all assets offshore to evade any practical consequences for their illegal actions. When such Internet store operators do show-up in court, they claim ignorance and to have minimal sales. *See e.g.*, *NBA Props. v. Yan Zhou,* 2017 U.S. Dist. LEXIS 148971, at *8 (N.D. Ill. Sep. 14, 2017*)* (finding unpersuasive defendant's claim that they were

"unfamiliar with Plaintiffs' trademarks, that they never physically handled the counterfeit merchandise, and that they only made minimal sales.") An asset restraint to preserve trademark owners' equitable remedies is one of the few effective tools for combatting such offshore Internet store operators, and ensuring that there are legitimate consequences for counterfeiters.

On November 7, 2017, this Court properly entered a Temporary Restraining Order ("the TRO"), including an asset restraint on funds in PayPal accounts linked to Defendants ("Defendants' PayPal Accounts") to prevent Defendants from moving funds offshore to China. [26] at ¶ 7. Certain Defendants[1] filed Oppositions [38], [40] to Versace's Motion seeking to convert the TRO into a Preliminary Injunction. Defendants' Oppositions [38], [40] do not dispute the merits of Versace's trademark counterfeiting claims, and do not dispute that the entry of a preliminary injunction remains appropriate. Rather, Defendants are seeking to reduce or dissolve the asset restraint based on their own self-serving statements prior to any discovery and without cross-examination. Defendants' request should be denied.

This court has authority to maintain the asset restraint because Versace seeks equitable remedies. Likewise, this Court also has discretion to restrain funds to award an accounting of profits "for such sum as the court shall find to be just, according to the circumstances of the case." 15 U.S.C. § 1117(a). Additionally, the balance of hardships continues to favor Versace because Defendants are likely to move any restrained assets offshore. Defendants have also failed to meet their burden to present documentary proof that the assets in Defendants' PayPal Accounts are not the proceeds of counterfeiting activities. Defendants' incomplete, unsubstantiated accounting is especially problematic since Defendants' counsel has recently filed

---

[1] These Defendants were worthproduct, expressings, Dongguan Coolstyle Jewelry Co., Ltd., Chuangbang Store, minjifen-0, yitsing, and Uloveido Official Store.

The preliminary injunction should be entered as to the other defendants, who did not object to the entry of a preliminary injunction, irrespective of this Court's decision regarding the appearing Defendants.

declarations with false sales representations in a factually similar case involving trademark counterfeiting by China based Internet stores.[2] Additionally, each Defendant affirmatively accepted the terms of the PayPal User Agreement, which explicitly states that PayPal may "[h]old your funds," if PayPal, in its sole discretion "believes that you may have engaged in any Restricted Activities," which includes selling "counterfeit goods," or infringing "any third party's copyright, patent, trademark . . . ." Declaration of Allyson Martin (the "Martin Declaration") at ¶ 2. As such, Defendants have not, and cannot, present any evidence of hardship since they violated agreed contractual terms that permits restraint of their PayPal accounts.

Courts have regularly denied similar attempts by counterfeiters to dissolve asset restraints, and this Court should do the same. *Monster Energy Co. v. Chen Wensheng*, 136 F. Supp. 3d 897, 910 (N.D. Ill. 2015) ("Defendants have not submitted any evidence regarding their PayPal account transactions to show that these funds are not the proceeds of counterfeiting activities."); *River Light V, L.P., et al. v. Zhangyali, et al.*, No. 15-cv-05918 (N.D. Ill. Sept. 9, 2015) (Docket No. 46) (denying motion to reduce asset restraint against China based Internet store offering for sale counterfeit Tory Burch products); *Luxottica USA LLC v. The Partnerships, et al.*, 2015 U.S. Dist. LEXIS 78961, at *13-15 (N.D. Ill. June 18, 2015) (declining to modify the asset restraint). Conversely, in *Klipsch Group, Inc. v. Big Box Store Ltd.*, the only case cited by

---

[2] In *Otter Products, LLC, et al. v. Dongguan Chengchun Elect. Tech. Co., Ltd.*, No. 17-cv-06009 (N.D. Ill. Sept. 28, 2017), counsel for Defendants Chuangbang Store, minjifen-0, yitsing, and Uloveido Official Store, L. Ford Banister, filed declarations in connection with defendants' motion to modify the preliminary injunction order to dissolve the temporary asset restraint that were false. Specifically, defendants' declarations alleged minimal sales, while their discovery responses revealed a larger number of sales. Defendants' counsel acknowledged the discrepancy in the number of sales in a supplemental declaration acknowledging that the additional sales were discovered "in response to the more detailed requests for production and upon further investigation." *Otter Products, LLC, et al. v. Dongguan Chengchun Elect. Tech. Co., Ltd.*, No. 17-cv-06009 (N.D. Ill. Sept. 28, 2017) (Docket No. 76).

3

Defendants where an asset restraint was reduced,[3] the court reasoned that it was unpersuaded that there was any risk of "defendant ceasing its United States operations or radically altering its payment processing system for worldwide sales in its $130 million a year business solely to avoid paying a judgment in this case." *Klipsch Grp., Inc. v. Big Box Store Ltd.*, 2012 U.S. Dist. LEXIS 153137, at *35 (S.D.N.Y. Oct. 24, 2012). Moreover, the court in *Klipsch Grp.* reinstated an asset restraint for $5 million against the Internet store selling counterfeit products after discovery determined that sales existed beyond those initially reported. *Klipsch Group, Inc. v. Big Box Store Ltd.*, No. 12-cv-6283 (S.D.N.Y. August 8, 2014) (Docket No. 213). As such, the asset restraint remains proper. At a minimum, it is premature to consider given the present, incomplete record.

## ARGUMENT

**I.     This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied**

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g. Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). Defendants do not dispute that that entry of a preliminary injunction is appropriate.

**II.    This Court has Authority to Maintain the Asset Restraint Since Versace Seeks Equitable Remedies.**

A restraint on assets is proper if a suit seeks equitable relief. *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) *Cf. Grupo Mexicano de Desarrollo, S.A.v. Alliance*

---

[3] The Court in *Klipsch Group* reduced the asset restraint to $20,000 based on the defendant's evidence of approximately $6,000 in sales of counterfeit products. *Klipsch Group, Inc. v. Big Box Store Ltd.*, 2012 U.S. Dist. LEXIS 149507, at *8-11 (SDNY Oct. 11, 2012).

4

*Bond Fund, Inc.*, 527 U.S. 308, 333 (1999) (district court may not issue an injunction freezing assets in an action for money damages where no equitable interest is claimed).

Versace seeks equitable relief. Section 35 of the Lanham Act provides that a plaintiff in a trademark infringement shall be entitled "**subject to the principles of equity**, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C. § 1117(a) (emphasis added). "If the court shall find that the amount of the recovery based on profits is either inadequate or excessive **the court may in its discretion** enter judgment for such sum **as the court shall find to be just**, according to the circumstances of the case." *Id*. Additionally, subsection (c) provides that "plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a), an award of statutory damages….**as the court consider just**." 15 U.S.C. § 1117(c).

### A. The Asset Freeze Remains Appropriate Because Versace Seeks An Equitable Remedy in an Accounting of Defendants' Profits

Versace's Amended Complaint [8] includes, among other relief, a claim for an accounting of Defendants' profits. An accounting of profits is an equitable remedy. *Gucci Am. v. Bank of China*, 768 F.3d 122, 130-133 (2d Cir. 2014). Defendants argue that Versace has the burden to prove "the amount of any continued asset freeze" and that "the statutory burden of proving sales [is] placed squarely upon" Versace. [38] at p. 2; [40] at p. 7. However, the burden is on the party seeking relief, *i.e.*, Defendants, to present documentary proof that particular assets are not the proceeds of counterfeiting activities. *Luxottica USA LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule "A",* 2015 U.S. Dist. LEXIS 78961, at *11 (N.D. Ill. June 18, 2015) (citing *N. Face Apparel Corp. v. TC Fashions, Inc.*, 2006 U.S. Dist. LEXIS 14226, at *11 (S.D.N.Y. Mar. 30, 2006)).

5

1. <u>Defendants Have Failed to Meet Their Burden to Show Restrained Funds Are Not Proceeds of Counterfeiting Activities</u>

First, the credibility of Defendants' assertions is suspect where certain Defendants' counsel has filed declarations with false sales information in other similar cases involving trademark counterfeiting through China-based Internet stores. *See* note 2, *supra*. *See also Manolo Blahnik Int'l Ltd. v. The Partnerships and Unincorporated Ass'ns Identified on Schedule "A"*, No. 14 CV 9752, Dkt. No. 75 at 4 (Coleman, J.) ("counsels' belief that this Court would simply vacate its judgment and order a turn-over of funds without testing the veracity of their claims is incredible."). Defendants Chuangbang Store, minjifen-0, and yitsing's basis for arguing that the asset freeze should be reduced to $3.95, $34.98, and $11.99, respectively, is Versace's own evidence.[4] *See* [36-1], [37-1], [39-1]. Defendant Uloveido Official Store has not submitted any sales representations or documentation, but nevertheless seeks the "asset restraint be immediately dissolved." [40] at p. 6. Defendants worthproduct, expressings, and Dongguan Coolstyle Jewelry Co., Ltd. have submitted purported PayPal account transaction logs [38-3], [38-4], [38-5], with the rows highlighted for the specific Counterfeit Versace Products, as previously identified by Versace. However, it is impossible to know from these logs whether any other transactions involve Counterfeit Versace Products. The logs provide only a text transaction history, sans product images. The VERSACE Trademarks typically are not used in the product title, and appear only in the product images. *See, e.g.*, [38-3] at p. 2 (product title of "WRR05L Black Crystal Luxury Vintage Wedding Mens Cufflinks" for product bearing counterfeits of Versace's federally registered Greca Design). Accordingly, the proffered PayPal account transaction logs prove nothing.

---

[4] Specifically, Defendants Chuangbang Store, minjifen-0, and yitsing each submitted Versace's screenshots of the Defendant Internet Stores, which show sales to Versace's investigators. [36-1], [37-1], [39-1].

6

Defendants have failed to produce documentary proof that the alleged other transactions processed through Defendants' PayPal Accounts are not the proceeds of counterfeiting activities. Specifically, Defendants have not provided any evidence of any of these other, allegedly non-infringing products offered for sale by the Defendant Internet Stores or any affirmation that these other products have been objectively examined to verify that they are free of infringing marks. Defendants have also failed to provide any representation regarding other payment methods used or other Internet stores they may be operating. It is quite possible that Defendants have sold counterfeits products utilizing other payment methods, *e.g.,* credit cards, or made counterfeit sales though Internet stores that have not yet been identified. Defendants have provided little identifying information regarding the entities operating the Defendant Internet Stores and Defendants' PayPal Accounts. Portions of Defendants' declarations are belied by the facts. For example, Yang Shibin filed a declaration as the "representative" of both worthproduct and expressings. [38-2]. However, the PayPal accounts associated with the Internet stores worthproduct and expressings are registered under different names. Martin Declaration at ¶ 3. Finally, it is telling that Defendants have refused to provide expedited discovery sought by Versace aimed at addressing the foregoing issues.[5] Martin Declaration at ¶ 4. For these reasons, Defendants have not met their burden, and the asset restraint on Defendants' PayPal Account remains proper.

As discussed above, Courts have regularly denied similar attempts by counterfeiters to dissolve asset restraints. *Monster Energy Co. v. Chen Wensheng*, 136 F. Supp. 3d at 910. The

---

[5] Versace served expedited discovery requests on Defendants worthproduct, expressings, Dongguan Coolstyle Jewelry Co., Ltd., Chuangbang Store, minjifen-0, yitsing, and Uloveido Official Store on November 21, 2017, pursuant to paragraph 4 of the Temporary Restraining Order. Martin Declaration at ¶ 4. As of filing, only Dongguan Coolstyle Jewelry Co., Ltd. has served responses to Versace's requests. *Id*. However, the responses are incomplete. *Id*. Among other deficiencies, Defendant Dongguan Coolstyle Jewelry Co., Ltd. failed to provide images or any evidence of any of the other, allegedly non-infringing products that it offered for sale. *Id*.

full record of *Klipsch Group, Inc. v. Big Box Store Ltd.* is instructive to illustrate that Defendants' representations of minimal counterfeit sales are inherently suspect. In *Klipsch Group*, an asset restraint was reduced based on the defendant's showing that there were minimal sales of accused goods sold into the United States. *Klipsch Group, Inc. v. Big Box Store Ltd.*, No. 12-cv-6283 (S.D.N.Y.) (Docket No. 31). However, the Court in *Klipsch Group* later found that the defendant had engaged in extensive willful spoliation of evidence, including deliberate wiping and erasure of sources of electronically stored information and deliberate destruction of electronic files. *Klipsch Group, Inc. v. Big Box Store Ltd.*, No. 12-cv-6283 (S.D.N.Y. August 8, 2014) (Docket No. 213). The Court subsequently increased the asset restraint to $5,000,000. *Id.*

In sum, it is premature for this Court to dissolve or reduce the asset restraint with the present record, and this Court should not credit any sales representations made by Defendants given Defendants' incomplete document production.

        2.   <u>This Court Should Maintain the Asset Restraint Under Section 1117(a) To Preserve Versace's Right to A "Just" Judgment</u>

Even if this Court finds Defendants' representations of their illegal profits credible, the Court should exercise its discretion to keep the funds restrained under Section 1117(a), which states "[i]f the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case." 15 U.S.C. § 1117(a). Any judgment less than the $5,000 held in many of the accounts would be unjust. *Louis Vuitton S.A. v. Lee*, 875 F.2d 584, 587 (7th Cir. 1989) ("for the smaller the violator, the less likely he is to be caught, and the more needful therefore is a heavy punishment if he is caught.")

8

### B. The Asset Freeze Remains Appropriate Because Versace Seeks an Equitable Remedy of Statutory Damages.

As an alternative to damages and an accounting of Defendants' profits, Versace seeks an award of statutory damages as a form of equitable relief. With the addition of Section 35(c) of the Lanham Act, Congress made statutory damages available in counterfeiting cases as an alternative to actual damages and profits "[t]o help stem an increasing wave of counterfeiting activity." J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 30:95 (2012). Congress' rationale for statutory damages was to address plaintiffs' practical inability to determine defendants' profits or sales, recognizing that "counterfeiters' records are frequently nonexistent, inadequate, or deceptively kept . . . , making proving actual damages in these cases extremely difficult if not impossible." *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 315 F. Supp. 2d 511, 520 (S.D.N.Y. 2004) (quoting S. Rep. No. 104-177, at 10 (1995).

Since the Lanham Act authorizes the District Court to grant Versace statutory damages in lieu of actual damages and profits as a form of final equitable relief, this Court has the inherent power to restraint Defendants' assets in order to ensure the availability of that relief. *Gucci Am. v. Bank of China*, 768 F.3d 122, 131 n.10 (2d Cir. 2014) ("A district court may also issue a preliminary injunction restraining a defendant from dissipating assets if it has specific statutory authority to do so.") The preliminary injunction here enjoins Defendants from transferring those assets necessary to preserve the possibility of equitable relief, whether that relief is an accounting of profits or statutory damages. Should Versace prevail, it will be entitled to equitable relief of Defendants' profits, or alternatively, statutory damages as a proxy for an accounting of actual profits and damages. 15 U.S.C. § 1117. Statutory damages under 15 U.S.C. § 1117(c) are a "matter within the sole province of the court." *Tobinick v. Scripps Clinic Med. Group*, 81 Fed. Appx. 677, 679 (9th Cir. 2003); *see also*, *Design Basics, LLC v. Drexel Bldg. Supply, Inc.*, 2016

U.S. Dist. LEXIS 137713, *21 (E.D. Wisc. Oct. 4, 2016) ("juries do not award statutory damages, judges do.").[6]

While Defendants' Oppositions [38], [40] and supporting documents focus solely on the profits they purportedly made from the sale of Counterfeit Products, profits are only one of the several factors the Court can consider in determining an award of statutory damages. The Court can also consider "the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent," as well as the significant value of a plaintiff's brand and the efforts taken to protect, promote and enhance that brand in determining the appropriate dollar figure for the award. *Chi-Boy Music v. Charlie Club*, 930 F.2d 1224, 1229 (7th Cir. 1991); *Lorillard Tobacco Co. v. S&M Cent. Serv. Corp.*, 2004 U.S. Dist. LEXIS 22563 at *16 (N.D. Ill. Nov. 5, 2004). Further, courts have also held that damages awards limited to lost profits would have little to no deterrent effect on future violations – "a counterfeiter must fear more than just having to turn over his ill-gotten gains to the rightful owners." *Lorillard Tobacco Co.*, 2004 U.S. Dist. LEXIS 22563, at *17.

Courts in this District have awarded statutory damages in excess of $100,000 even when the defendants represented that they made only minimal sales. *See Luxottica Grp. S.p.A. v. Li,* 2017 U.S. Dist. LEXIS 21818 (N.D. Ill. Feb. 15, 2017) (granting summary judgment and awarding $100,000 for willful trademark counterfeiting); *River Light V, L.P., et al. v. Zhangyali, et al.*, 2016 U.S. Dist. LEXIS 111301, at *13 (N.D. Ill. Aug. 22, 2016) (granting summary

---

[6] The Supreme Court in *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 345, 118 S. Ct. 1279, 1283, 140 L. Ed. 2d 438 (1998) found that the right to a jury trial includes the right to have a jury determine the amount of copyright statutory damages. However, the statute providing statutory damages for copyright infringement, 17 U.S.C. § 504(c), does not include language regarding the principles of equity. *See* Section II, p. 4, *supra*. Additionally, Versace's review of case law found that the Seventh Circuit has not determined whether there is a right to a jury trial to determine the amount of trademark statutory damages. In fact, in every trademark counterfeiting case identified by Versace in the Seventh Circuit, the judge determined the amount of the statutory damages award.

10

judgment and awarding $100,000 for willful counterfeiting of one trademark); *Bulgari, S.p.A. v. Zou Xiaohong, et al.*, 2015 U.S. Dist. LEXIS 140606, at *7 (N.D. Ill. Oct. 15, 2015) (granting summary judgment and awarding $100,000 for willful counterfeiting of one trademark).

### III. The Asset Restraint Remains Appropriate Because the Risk of Irreparable Harm to Versace and Balance of Harms Have Not Changed and Continue to Favor Versace.

As this Court correctly found in entering the TRO [26], Versace showed a risk of irreparable harm and that the balance of harms favors Versace. The factual basis for these findings has not changed and continues to favor Versace. Defendants have failed to identify any U.S. based assets and are likely to swiftly move the PayPal assets outside of the United States if the asset restraint is lifted. For example, Defendant Chuangbang Store's PayPal Account has a current balance of approximately $3,400, but has received almost $50,000. Martin Declaration at ¶ 5. Without the asset restraint, Versace would be prevented from realizing its right to final equitable relief of an accounting of profits and damages, or alternatively, statutory damages, and would be irreparably harmed. In contrast, the potential harm to Defendants is purely monetary, modest in amount, and only for a finite period of time. Defendants do not have a legitimate interest in profits from the sale of Counterfeit Versace Products. As willful counterfeiters, Defendants should be given little equitable consideration. In assessing the risk of irreparable harm to Defendant, the Court should "exclude[] any burden it voluntarily assumed by proceeding in the face of a known risk." *Luxottica Grp. S.p.A. v. Light in the Box Ltd.*, 2016 U.S. Dist. LEXIS 144660, at *28.

Further, Defendants do not make any attempt to show that the restraint of Defendants' PayPal Accounts has affected the operation of their respective Internet stores. Likewise, Defendants affirmatively agreed to the terms of the PayPal User Agreement, which authorizes PayPal to restrain the entire balance of Defendants' PayPal Account if PayPal determines that

11

Defendants have sold infringing products. Martin Declaration at ¶ 2. As such, if the restraint of Defendants' PayPal Accounts pursuant to the TRO [26] is reduced or dissolved, the entire balance will remain restrained due to Defendants' violation of the PayPal User Agreement. Martin Declaration at ¶ 2. Accordingly, the balance of harms continues to favor Versace with respect to the asset restraint.

### IV. Alternatively, Versace Is Entitled to an Attachment of Defendants' Assets under Fed. R. Civ. P. 64 and Section 4-101 of the Illinois Compiled Statutes

Alternatively, Versace requests that the Court stay any ruling until Versace can file a motion pursuant to Fed. R. Civ. P. 64 to seize Defendants' PayPal Accounts to secure satisfaction of the potential judgment. Fed. R. Civ. P. 64 provides that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a). As established above, this Court also has an "adequate foundation [for an] order requiring the defendant to bring funds from outside of Illinois into the jurisdiction to deposit them in the court." *M.S. Distrib. Co. v. Web Records, Inc.*, 2003 U.S. Dist. LEXIS 9092, at *4 (N.D. Ill. May 30, 2003). This relief is separate from the relief available to Versace through Fed. R. Civ. P. 65 and is not barred by the Supreme Court's decision in *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999). *Id*. at *11 ("*Grupo Mexicano* in no way undermines the authority of this Court, conferred by Fed. R. Civ. P. 64, to use the Illinois prejudgment attachment statute.").

Under Illinois law, the Illinois prejudgment attachment statute empowers this Court to issue an attachment order to the sheriff, ordering the officer to attach Defendants' property in Cook County once the statutory requirements are met. 735 Ill. Comp. Stat. 5/4-101. The purpose of the Illinois prejudgment attachment statute "is to bring assets within the control of the

Court *before* there is the opportunity for them to be dissipated or otherwise rendered unavailable to satisfy a judgment." *M.S. Distrib.*, 2003 U.S. Dist. LEXIS 9092, at *11.

Versace satisfies the statutory requirements of the Illinois prejudgment attachment statute. Versace is a creditor with a money claim arising from a tort cause of action, because trademark infringement is a commercial tort and Versace is entitled to a maximum award of $2,000,000 in statutory damages, as well as attorney's fees, from Defendants' willful counterfeiting of the VERSACE Trademarks. *See Hard Rock Café Licensing Corp. v. Concession Servs.*, 955 F.2d 1143, 1148 (7th Cir. 1992) ("we have treated trademark infringement as a species of tort"). Defendants are residents of the People's Republic of China and not of Illinois. *See* [36] at ¶ 2; [37] at ¶ 2; [38-2] at p. 2; [38-5] at p. 2; [39] at ¶ 2. Accordingly, pursuant to Fed. R. Civ. P. 64, Versace can seize Defendants' PayPal Accounts to secure satisfaction of the potential judgment before Defendants have the opportunity to dissipate the assets.[7]

## CONCLUSION

Accordingly, Versace respectfully request that this Court grant its Motion for Entry of a Preliminary Injunction [31] for the reasons stated herein.

---

[7] When seeking the entry of an order for attachment, Versace will submit an affidavit as specified by 735 Ill. Comp. Stat. 5/4-104. 735 Ill. Comp. Stat. 5/4-107.

Dated this 30th day of November 2017.     Respectfully submitted,

/s/ Justin R. Gaudio
Paul G. Juettner
Justin R. Gaudio
Jessica L. Bloodgood
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
pjuettner@gbc.law
jgaudio@gbc.law
jbloodgood@gbc.law

*Counsel for Plaintiff Gianni Versace, S.p.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of November 2017, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website to which the Defendant Domain Names that have been transferred to Versace's control now redirect, and I will send an e-mail to the e-mail addresses identified in Exhibits 3 and 4 to the Declaration of Stacy Kuo and any e-mail addresses provided for Defendants by third parties that includes a link to said website.

/s/ Justin R. Gaudio
Paul G. Juettner
Justin R. Gaudio
Jessica L. Bloodgood
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
pjuettner@gbc.law
jgaudio@gbc.law
jbloodgood@gbc.law

*Counsel for Plaintiff Gianni Versace, S.p.A.*