UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GIANNI VERSACE, S.p.A., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-cv-07869 |
| | ) | |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| ZOU YULAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On November 7, 2017, this Court granted an ex parte temporary restraining order sought by plaintiff Gianni Versace, S.p.A. ("Versace"). Now before the Court is Versace's Motion for Preliminary Injunction [31]. Seven of the defendant partnerships listed in Schedule 'A' filed responses objecting to the preliminary injunction (collectively "the objecting defendants") [38, 40]. For the reasons stated herein, this Court grants Versace's motion for preliminary injunction.

**Statement**

Versace's amended complaint alleges trademark infringement and counterfeiting, false designation of origin, cybersquatting, and violation of the Illinois Uniform Deceptive Trade Practices Act. Versace contends that defendants are offering for sale unauthorized and unlicensed imitations of Versace luxury fashion products, including jewelry, handbags, home goods, and other products, using counterfeits of Versace's federally registered trademarks through online stores.

On November 7, 2017, this Court granted Versace's ex parte temporary restraining order, authorized electronic service, and froze PayPal accounts associated with the defendants' online stores. Versace's motion for preliminary injunction requests that the Court continue the injunction prohibiting defendants from further manufacture, importation, distribution, offering for sale and selling of counterfeit Versace products. Versace also seeks to continue the asset freeze on

1

defendants' accounts in U.S.-based financial institutions, including PayPal.

In order to obtain a preliminary injunction, Versace must show that it has a reasonable likelihood of success on the merits and that it will suffer irreparable injury if the order is not granted because there is no adequate remedy at law. *Promatek Indus., Ltd. v. Equitrac Corp.*, 300 F.3d 808, 811 (7th Cir. 2002), *as amended* (Oct. 18, 2002). If the Versace can satisfy these conditions, the Court must then consider whether defendants would incur any irreparable harm from an injunction. *Id.*

Versace gives fairly short shrift to the conditions for granting a preliminary injunction, largely relying on the Court having granted a temporary restraining order. Nevertheless, there is sufficient basis to continue the preliminary injunction prohibiting the defendants from manufacturing, importing, distributing, offering for sale, and selling counterfeit Versace products. However, defendants, Worthproduct, Expressings, and Dongguan Coolstyle Jewelry Co., Ltd., object to the entry of a preliminary injunction that includes freezing all of defendants' PayPal accounts. Likewise, defendants Chuangbang Store, Minjifen-0, Yitsing, and Uloveido Official Store, object to the freezing of all assets in their PayPal accounts.

A preliminary injunction should be tailored to the violation. *Commodity Fut. Trading Comm. v. Lake Shore Asset Mgmt. Ltd.*, 496 F.3d 769, 772 (7th Cir. 2007). To exempt assets from an asset freeze, "[t]he burden is on the party seeking relief to present documentary proof that particular assets [are] not the proceeds of counterfeiting activities." *Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 910 (N.D. Ill. 2015) (Lefkow, J.) (citing *Luxottica USA LLC v. The Partnerships, et al.,* No. 1:14–cv–09061, 2015 WL 3818622 (N.D.Ill. June 18, 2015)). Here, the objecting defendants have submitted affidavits and PayPal account information purporting to show that the freezing of all their PayPal assets is overly broad. Versace persuasively argues that the objecting defendants' sales representations and documentation do not actually establish that particular assets are not the proceeds of counterfeiting activities. The PayPal account transaction logs highlight products that

Versace has already identified as allegedly counterfeit and those are the products that the objecting defendants claim should be frozen and the remainder released. However, the other transactions contained in the logs only list products by title and do not contain an image. Without a visual representation of the product sold, there is no way to determine from these logs if other transactions were for products carrying Versace's marks. The objecting defendants also do not provide any evidence that PayPal is the sole method of payment available to their customers, and thus, there may be other means for defendants to sell allegedly counterfeit wares.

Versace contends that the assets should all remain frozen because Versace is seeking the statutory maximum of $2 million for each violation. Defendants argue that none of the assets should be frozen because Versace is seeking statutory damages and such restraint on assets is only available where an equitable remedy is sought. *See Grupo Mexicano de Desarrolla v. Alliance Bond Fund,* 572 U.S. 308, 333 (1999) (holding that a court may restrain assets to preserve equitable remedies).

> Title 15, Section 1117 allows a plaintiff to elect, at any time before final judgment is rendered, one of two alternative recovery options for trademark infringement: (1) the actual damages caused by the infringement, 15 U.S.C. § 1117(a); or (2) statutory damages. 15 U.S.C. § 1117(c). Congress provided the statutory damages option of 15 U.S.C. § 1117(c) through the Anticounterfeiting Consumer Protection Act of 1996, Pub.L. No. 104–153, § 7, 110 Stat. 1368. This option was added due to the concern that a counterfeiter might hide, alter or destroy records, thus making it impossible for a plaintiff to determine the scope of, or be able to prove, actual damages. *Louis Vuitton v. Veit,* 211 F.Supp.2d 567, 583 (E.D.Pa.2002) (citing S.Rep. No. 177, 104 Cong. (1995)).

*Lorillard Tobacco Co. v. S & M Cent. Serv. Corp.*, No. 03 C 4986, 2004 WL 2534378, at *3 (N.D. Ill. Nov. 8, 2004). The Court may freeze assets to preserve the plaintiff's equitable remedy for an accounting. *Luxottica Grp. S.p.A. v. Zhiqiang Zhao*, No. 16 C 7988, 2017 WL 1036576, at *7 (N.D. Ill. Mar. 17, 2017) (Leinenweber, J.) (citing *Klipsch Group, Inc. v. Big Box Store Ltd.,* 2012 WL 5265727 at *3 (S.D. N. Y. Oct. 24, 2012)). Thus, once plaintiffs declare they are <u>only</u> seeking statutory damages there would be no reason to continue to restrain plaintiff's assets. *Id.* Versace has not yet stated that it will only seek statutory damages. Indeed, the relief sought in the complaint includes an accounting.

Accordingly, this Court will maintain the restraint on defendants' assets.

## Conclusion

Based on the foregoing, Versace's Motion for Preliminary Injunction is granted.

IT IS SO ORDERED.

Date: December 4, 2017

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge